COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RICHARD WAYNE GARZA, | § | No. 08-23-00095-CR |
| Appellant, | § | Appeal from the |
| v. | § | 35th Judicial District Court |
| THE STATE OF TEXAS, | § | of Brown County, Texas |
| Appellee. | § | (TC# CR24923) |

## **O P I N I O N**

Richard Wayne Garza, representing himself pro se, is attempting to appeal his conviction for aggravated assault with a deadly weapon. Because the trial court certified that Garza does not have the right to appeal his conviction, we dismiss for lack of jurisdiction.[1]

Texas Rule of Appellate Procedure 25.2(a)(2) requires a trial court to enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). In cases where a defendant entered a plea bargain, the defendant may only appeal matters raised by written motion and ruled on before trial, or after acquiring the trial court's permission to appeal. *Tedford v. State*, 08-21-00003-CR, 2021 WL 717603, at *1 (Tex. App.—El Paso Feb. 24, 2021, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 25.(a)(2)(A), (B)). The record before us does not indicate that the trial court ruled

---

[1] This case was transferred from our sister court in Eastland, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

on any pretrial motions. Moreover, the trial court's March 31, 2017 certification of Garza's right to appeal, which is signed by the trial court, Garza, and Garza's attorney, states that the case "is a plea-bargain case, and the defendant has NO right of appeal." The record does not show Garza obtained the trial court's permission to appeal any issues. As such, we lack jurisdiction over this appeal. *See id.*

Appellant responded to the assertion that we lack jurisdiction to entertain his appeal with what appears to be an attempt to challenge his conviction through a writ of habeas corpus under TEX. CODE CRIM. PROC. ANN. art. 11.07. We lack original jurisdiction over writs of habeas corpus filed under that statute. *In re Peters*, No. 08-15-00203-CR, 2015 WL 4300103, at *1 (Tex. App.— El Paso July 15, 2015, no pet.) (mem. op., not designated for publication) (citing TEX. GOV'T CODE ANN. § 22.221(d)) (intermediate court habeas corpus jurisdiction limited to civil matters). Instead, the Texas Court of Criminal Appeals, district courts, and county courts, or any judge of said courts, have jurisdiction over those proceedings. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 11.05). Thus, to the extent that Appellant challenges his conviction in a writ of habeas corpus under TEX. CODE CRIM. PROC. ANN. art. 11.07, we lack jurisdiction over the appeal for this additional reason. *See id.*

Accordingly, we dismiss this attempted appeal for lack of jurisdiction.


LISA J. SOTO, Justice


May 12, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

2